UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| Case No. | CV 12-05999 MMM (FFMx) | Date | October 10, 2012 |
|---|---|---|---|

| Title | *Deutsche Bank Nat'l Trust Co. v. Mananian* |
|---|---|


Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

On March 7, 2012, plaintiff Deutsche Bank National Trust Company filed an unlawful detainer complaint in state court against defendant Sasoon Mananian and certain fictitious defendants.[1] On July 12, 2012, defendant removed the action to this court, invoking the court's federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff alleges that it purchased the property located at 1408 Cleveland Road, Glendale, California 91202, at a foreclosure sale that was held in compliance with California Civil Code § 2924.[2]  Since the date of sale, defendants have allegedly remained in possession of the property without plaintiff's consent or authorization.[3]

---

[1] Notice of Removal ("Removal"), Docket No. 1 (July 1, 2012), Exh. A (Complaint for Unlawful Detainer Action ("Complaint")).

[2] Complaint, ¶¶ 3-4.

[3] *Id.*, ¶ 6.

1

Plaintiff alleges that defendants claims a possessory interest in the property, but that none is entitled to protection under the Protecting Tenants at Foreclosure Act of 2009 (PTFA).[4] Plaintiff alleges that it has complied with the PTFA and is entitled to possession of the property. It also asserts that none of the defendants is a legitimate tenant under California law.[5]

On January 13, 2012, plaintiff served a written notice to vacate property on defendants.[6] It contends that defendants have failed to provide a copy of a bona fide lease agreement and/or proof of payment.[7] Since the period to vacate on January 19, 2012, plaintiff asserts that it is and has been entitled to immediate possession of the property.[8] Nonetheless, defendants have allegedly failed and refused to surrender possession.[9]

On July 1, 2012, defendant Mananian removed the action to federal court, asserting that plaintiff had violated the Truth in Lending and Real Estate Settlement Procedures Acts.[10]

## II.  DISCUSSION

### A.    Legal Standard Regarding Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Prod., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

---

[4] *Id.*, ¶ 9.

[5] *Id.*

[6] *Id.*, ¶ 10.

[7] *Id.*, ¶ 11.

[8] *Id.*, ¶ 12.

[9] *Id.*, ¶ 13.

[10] Removal, ¶ 4.

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons discussed below, the court lacks subject matter jurisdiction and the action must be remanded to the Los Angeles Superior Court.

### B.     Federal Question Jurisdiction

#### 1.     Legal Standard for Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of

a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharm.*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2.    Whether Federal Question Jurisdiction Exists

There is no federal question apparent on the face of plaintiff's complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Mananian contends that plaintiff violated the Truth in Lending and Real Estate Settlement Procedures Acts.[11] While these are federal defenses, as noted, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint . . . ." *Franchise Tax Bd.*, 463 U.S. at 14. Because plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court does not have jurisdiction under 28 U.S.C. § 1331.

### C.    Diversity Jurisdiction

---

[11]Removal, ¶ 4.

Mananian does not argue that diversity jurisdiction is present.  Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  Jurisdiction, including the amount in controversy, is determined at the moment of removal.  See *In the Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that plaintiff's claim is worth an amount other than that pled in the complaint.  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007).  In its complaint, plaintiff requests holdover damages of $35.44 per day from January 19, 2012 to the date of judgment.[12]  It also alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case.[13]  See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases).  Consequently, it is clear that the amount in controversy does not exceed $75,000,[14] and the court lacks diversity jurisdiction to hear the action.

---

[12]Complaint, ¶ 15.

[13]*Id.* at 1.

[14]In an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property.  *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer actions remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat'l Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit.  The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages.  Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property").

## III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Here, defendants have failed to carry this burden.  For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith.[15]

---

[15] In light of the court's conclusion that it lacks subject matter jurisdiction to hear the action, it cannot rule on plaintiff's motion for entry of default judgment, or Mananian's motion to set aside default.  The court's *sua sponte* remand of the action moots plaintiff's motion to remand, now on calendar for November 5, 2012.